```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| PATRICIA WILLIAMS,<br><br>      Plaintiff,<br><br>-against-<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.,<br><br>      Defendants. | **ORDER**<br><br>20-CV-08208 (PMH) |

PHILIP M. HALPERN, United States District Judge:

  Patricia Williams ("Plaintiff"), proceeding *pro se*, brings this action against Specialized Loan Servicing, LLC ("SLS"), The Bank of New York Mellon ("BNY"), John Beggins ("Beggins"), Stuart Irving ("Irving," together with SLS, BNY, and Beggins, "Non-Moving Defendants"), Anthony Paribello ("Paribello"), Kara Sorrentino ("Sorrentino"), and Community Housing Innovations, Inc. ("CHI," together with Paribello and Sorrentino, "CHI Defendants") (collectively, "Defendants") for: (1) "mortgage violation"; (2) "violation of forclosure [sic] and modification process and processing"; (3) "action under New York State banking regulations to remedy breach of fiduciary duty"; (4) "negligent misrepresentation"; (5) "recovery"; (6) "wrongful execution of a mortgage loan"; and (7) "intentional infliction of emotional distress." (Doc. 2, "Compl.").

  Non-Moving Defendants filed an answer on November 6, 2020. (Doc. 14). On January 22, 2021, CHI Defendants filed a pre-motion letter seeking leave to file a motion to dismiss Plaintiff's Complaint. (Doc. 25). In light of Plaintiff's *pro se* status, and her failure to respond to CHI Defendants' letter, the Court granted CHI Defendants leave to file their motion to dismiss. (Doc. 26). CHI Defendants thereafter filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on February 26, 2021. (Doc. 27; Doc. 27-1, "CHI Defs. Br."). On March 15,

2021, Plaintiff filed both a letter and brief in opposition to CHI Defendants' motion to dismiss. (Docs. 29-30). On April 8, 2021, CHI Defendants filed a reply brief. (Doc. 31). Plaintiff subsequently filed an unauthorized sur-reply on April 12, 2021. (Docs. 32-33).

"[A] court confronted with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because 'a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction.'" *Yilmaz v. McElroy*, No. 00-CV-7542, 2001 WL 1606886, at *2 (S.D.N.Y. Dec. 17, 2001) (quoting *Magee v. Nassau Cty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)). If subject-matter jurisdiction is lacking, that is where the Court's inquiry begins and ends. Here, CHI Defendants argue that Plaintiff fails to establish subject-matter jurisdiction under both 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1331 (federal question jurisdiction). (CHI Defs. Br. at 8-11). The Court agrees. Therefore, the Court need not, and does not, reach the merits of CHI Defendants' motion to dismiss for failure to state a claim.

I. Diversity Jurisdiction

"The general rule requiring complete diversity between opposing parties is explicit and unequivocal." *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989). "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *see also Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (observing "that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships"); *Cohen v. Stevanovich*, 722 F. Supp. 2d 416, 436 (S.D.N.Y. 2010) ("Where any plaintiff is a citizen of the same state as any defendant, diversity jurisdiction is

defeated."). "Complete diversity must be apparent from the pleadings." *Alston v. Stone*, No. 02-CV-05338, 2005 WL 668395, at *3 (S.D.N.Y. Mar. 21, 2005).

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. (internal quotation marks omitted). "[A] corporate defendant, for diversity purposes, is deemed to be a citizen of the state in which it is incorporated and where its principal place of business is located." *Jenkins v. Virgin Atl. Airways, Ltd.*, 46 F. Supp. 2d 271, 273 (S.D.N.Y. 1999).

Plaintiff is domiciled in New Rochelle, New York (Compl. ¶¶ 22, 42 (referring to the mortgaged property located at 148 Clove Road, New Rochelle, NY 10801 as Plaintiff's "home"); *id*. ¶ 28); and the Complaint acknowledges that CHI has its principal place of business in White Plains, New York[1] (Compl. ¶ 30). Thus, "diversity is not complete." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990). Accordingly, the Court lacks diversity jurisdiction over Plaintiff's claims against Defendants. *See Sty-Lite Co. v. Eminent Sportswear Inc.*, 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000) ("[I]f either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction.").[2]

---

[1] Plaintiff's concession that CHI's principal place of business is located in New York is sufficient to destroy diversity jurisdiction. But, for good measure, CHI Defendants represent—and Plaintiff does not dispute— that "CHI is a registered New York domestic not-for-profit corporation." (CHI Defs. Br. at 8); *see also Lifrak v. New York City Council*, 389 F. Supp. 2d 500, 502 (S.D.N.Y. 2005) ("In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court may consider material outside the complaint."). The Court need not accept CHI Defendants' unsupported representation in their brief as true for purposes of deciding this motion. But the Court notes that, if true, this fact would suffice as another independent basis to negate diversity jurisdiction over Plaintiff's claims.

[2] Separately, the Court notes that complete diversity is not "apparent from the pleadings." *Alston*, 2005 WL 668395, at *3. Although Plaintiff alleges that SLS's principal place of business is in Colorado, she otherwise fails to allege: (1) SLS's place of incorporation; (2) BNY's principal place of business and place of incorporation; (3) Beggins's domicile; (4) Irving's domicile; (5) Sorrentino's domicile; and (6) Paribello's

II. Federal Question Jurisdiction

Short of diversity jurisdiction, Plaintiff must establish that federal question jurisdiction exists. Otherwise, the exercise of subject-matter jurisdiction here is inappropriate.

"Congress has broadly authorized the federal courts to exercise subject matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006) (quoting 28 U.S.C. § 1331). "'A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Greenwich Fin. Servs. Distressed Mortg. v. Countrywide Fin. Corp.*, 654 F. Supp. 2d 192, 198-99 (S.D.N.Y. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)).

"Examination of [Plaintiff's] complaint, however, reveals no claim that may be colorably construed as one arising under federal law or embodying a substantial federal question." *Neat-N-Tidy Co. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1155 (S.D.N.Y. 1991) (internal quotation marks omitted). Although the Complaint briefly references the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") (Compl. ¶ 27, pp. 2, 34),[3] there are no facts alleged that would support a claim for relief arising under these statutes. *See Elmaliach v. Bank of China Ltd.*, No. 09-CV-2130, 2010 WL 1172829, at *8 (S.D.N.Y. Mar. 26,

---

domicile. These pleading deficiencies create an independent basis for concluding that diversity jurisdiction is lacking. *See McKie v. Est. of Dickinson*, No. 20-CV-1050, 2020 WL 2797243, at *2 (E.D.N.Y. May 29, 2020) (dismissing complaint for lack of subject-matter jurisdiction where "[p]laintiff fail[ed] to allege the domicile of any party"); *Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 118 (2d Cir. 2019) ("If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity jurisdiction." (quoting *Neat-N-Tidy Co.*, 777 F. Supp. at 1156)).

[3] Where Plaintiff references RESPA and TILA in non-numbered paragraphs of the Complaint, citations to page numbers in the Complaint correspond to the pagination generated by ECF.

2010) ("The mere reference to federal statutes . . . is an insufficient basis for the exercise of federal question jurisdiction."). Therefore, "the Court finds that Plaintiff has failed to carry her burden to show that this Court has jurisdiction to adjudicate her claims." *Knight-Harris v. Wells Fargo Bank, N.A.*, No. 16-CV-2605, 2017 WL 238439, at *5 (S.D.N.Y. Jan. 18, 2017); *see also id*. (dismissing complaint for lack of subject-matter jurisdiction where plaintiff "mere[ly] reference[d]" RESPA and TILA).

Accordingly, Plaintiff's claims against Defendants are dismissed without prejudice. Plaintiff may, to the extent she has viable federal question claims for relief, file an Amended Complaint within 30 days from the date of this Order to address only those specific pleading deficiencies and for no other purpose. Simply re-filing the extant, and now dismissed, pleading will result in a dismissal of the action, and a failure to file an Amended Complaint within 30 days will result in dismissal of this action with prejudice. Plaintiff is reminded that if she chooses to file an Amended Complaint, the Amended Complaint will completely replace, not supplement, the original Complaint. Therefore, any facts or claims that Plaintiff wishes to maintain that were not herein dismissed with prejudice must be included in the Amended Complaint.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 27, and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
       May 26, 2021

_____
PHILIP M. HALPERN
United States District Judge